616 So.2d 879 (1993)
Verna Faye O'QUIN, Plaintiff-Appellant,
v.
KINDER PAINT COMPANY, INC., Defendant-Appellee.
No. 92-218.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
*880 Dana Leigh O'Quin Adamski, Alexandria, for Verna Faye O'Quin.
Vincent Ross Cicardo, Alexandria, for Kinder Paint Co., Inc.
Before YELVERTON, THIBODEAUX and COOKS, JJ.
COOKS, Judge.
This action was initiated by Verna Faye O'Quin in the small claims division of the Alexandria City Court to recover the cost of removing and replacing floor tiles sold and installed by Kinder Paint Company, Inc. (hereinafter Kinder). Mrs. O'Quin alleged she contacted Kinder, verbally and in writing, regarding the condition of the Kentile floor installed in the kitchen/dinette area of her new home. She complained that the adhesive used to affix the tiles to the floor failed as a result of inadequate preparation of the hardwood surface or substandard installation. Kinder made several unsuccessful tries to repair the Kentile floor.
Attached to the "Statement of Claim and Citation" were Mrs. O'Quin's affidavit attesting to her numerous attempts to resolve the dispute involving the Kentile floor supported by several letters addressed to Kinder and the tile manufacturer over a 14 month period, and the invoice showing the purchase and labor price. Kinder was served with a copy of the claim on July 9, 1991, by certified mail, as reflected on the return receipt filed in the record. This service also contained a notice specifically informing Kinder of the 10 days' delay to comply with or state an answer to the demand and the date of trial fixing with the following caution:
"If you cannot attend the trial at the date noted, you must notify the Clerk of this fact stating your reasons. (DEFENDANTS, to be sure that you will have your day in court, you must have told the Clerk that you want to contest this claim.)"
Examination of the suit record prior to and on the date of trial failed to disclose any answer filed by Kinder. Instead of complying with the notice instructions, Kinder contacted Mrs. O'Quin, through its attorney, requesting that she continue the first trial date to allow it time to inspect and attempt to repair the flooring. Accepting the attorney's representations as genuine, Mrs. O'Quin advised the City Court of this discussion and requested a continuance of the trial fixing. As a consequence, the trial fixed on August 26, 1991 was continued to September 30, 1991. During this period Kinder again failed to repair the flooring. According to the record, the matter proceeded to trial and the judge "after hearing the pleadings and the evidence" awarded judgment in favor of Mrs. O'Quin against Kinder as recited therein. The judgment was formally signed on October 28, 1991. We note a small claims judgment is final and executory three days after it is signed, if personally served, unless a motion for new trial is timely filed or the judge stays execution of the judgment. LSA-R.S. 13:5208 B.
Nearly 10 weeks elapsed after the signing of this judgment before Kinder filed a request to transfer the case from the small claims docket to the regular civil docket. The request was granted by ex parte order. Simultaneously, Kinder filed a petition to annul the judgment alleging fraud and ill practice apparently based on its contentions that the parties had entered a so-called "settlement agreement" and plaintiff *881 allegedly proceeded with trial knowing Kinder's counsel was unaware of the new trial date. Interestingly, Kinder did not state in the annulment petition it had filed a timely answer to the claim. In fact, the first reference to the filing of an answer by Kinder appears in the minutes of the regular City Court at the hearing on the "Motion to Annul the Judgment." Finding an answer in the record, the judge proceeded to annul the judgment rendered in the small claims court despite the absence of the answer in the record on or prior to the trial date and the absence of the clerk's stamp reflecting the actual date Kinder supposedly filed the answer. Additionally, the annulment judgment cast all costs of the proceedings against Mrs. O'Quin. Next, the trial judge ordered her to furnish a $1,000 bond to file the present suspensive appeal with this Court. We conclude the judge did not possess legal authority to transfer the case from the small claims division to the regular City Court docket nor subject matter jurisdiction to consider the nullity petition on the regular docket.

LEGAL AUTHORITY
Even if we accept the mysteriously appearing answer as timely filed, nevertheless the record does not contain a request to transfer Mrs. O'Quin's small claim suit to the ordinary civil docket of the city court. LSA-R.S. 13:5209 provides in relevant part:
"B. A defendant shall be deemed to have waived his right to appeal unless, within the time allowed for filing an answer to the complaint, he files a written motion seeking removal of the action to the ordinary city docket of the court in which the complaint is filed, which motion shall be granted forthwith."
The request for transfer filed by Kinder nearly 10 weeks after formal rendition of judgment was certainly untimely. The Small Claims Court was prohibited by law from entertaining this request and clearly prevented from granting it. The original judgment was final and non-appealable.
Likewise, the simultaneous filing of the "Petition to Annul Judgment" in the regular City Court rather than the Small Claims Court was improper. An action to annul a judgment must be instituted in the court that issued the judgment. Licoho Enterprises, Inc. v. Succession of Champagne, 283 So.2d 217 (La.1973). The judgment forming the subject of Kinder's nullity petition was rendered by the Small Claims Court; and, thus, it was compelled to file the Petition to Annul with that Court. The regular City Court lacked subject matter jurisdiction to consider Kinder's petition. The annulment judgment is absolutely void as a matter of law. Furthermore, we note in passing, the action to annul the judgment is an ordinary suit which prevented the use of a summary proceeding in this case.

ANNULMENT JUDGMENT
Although we are not compelled to consider the merits of Kinder's "Petition to Annul" the judgment for fraud and ill practice on this appeal, we elect to proceed with our review to avoid a future miscarriage of justice and continued abuse of the judicial process should Kinder elect to file the nullity suit anew with the Small Claims division. LSA-C.C.P. Article 2164. On the face of the pleadings, we reject Kinder's petition as being without merit. The petition serves as a subterfuge for an appeal which Kinder knowingly waived as a consequence of its failure to timely file a motion to transfer the case to the ordinary docket.
We recognize the jurisprudence has established that fraud which justifies annulment of a judgment is not confined to conduct which is fraudulent in the strict sense of the term. The provisions of LSA-C.C.P. 2004 allowing annulment of a judgment, acquired through fraud and ill practice, also may extend to "situations wherein [the] judgment is obtained through some improper practice or procedure which operates, even innocently, to deprive the party cast of some legal right, and where enforcement of the judgment would be [unconscionable] and inequitable." Alleman v. Guillot, 225 So.2d 607 (La.App. 1st Cir.1969), *882 writ refused, 254 La. 858, 227 So.2d 596 (La.1969); St. Mary v. St. Mary, 175 So.2d 893 (La.App. 3rd Cir.1965). However, commencement of the trial and rendition of judgment in the small claims court did not deprive Kinder of any legal right. Kinder waived the right to appeal, as discussed; and it failed to advise the court, as instructed by the notice, that it desired to appear at trial. In the exercise of his discretion, the judge had authority to proceed with the trial without affording notice to Kinder of the later trial fixing or requiring its appearance. LSA-R.S. 13:5208. The usual rules of evidence do not apply in small claims court; and the more onerous notice requirements applicable to ordinary civil suits also are dispensed with in such proceedings. These proceedings are designed to expeditiously resolve minor disputes. The action was properly lodged in the small claims division against Kinder; and it received notice of the filing as required by LSA-R.S. 13:5204 and acknowledged in the pleadings.
Moreover, we are not inclined to find the small claims judgment unconscionable and inequitable under the special circumstances of this case. Kinder confesses in the pleadings "the installation [of the tiles] may have been a problem" obliging it to reinstall the flooring. In essence, Kinder's entire defense to the judgment rests on the notion that it acquired some sort of "settlement" right to return to Mrs. O'Quin's home on some unspecified date in the future to attempt once again to repair the floor tiles. Mrs. O'Quin was not bound indefinitely by her admirable efforts to amicably resolve the dispute nor by her gratuitous extension of time to allow Kinder another opportunity to remedy the breach of its obligation. Kinder does not allege the delay granted by Mrs. O'Quin was unreasonable; or she intentionally caused it to ignore the filing datelines clearly set forth in the "Statement of Claims and Citation." The delays expired prior to Mrs. O'Quin's visit with Kinder's attorney. We are satisfied Kinder's wanton failure to make the necessary repairs for more than one month after the "alleged" discussions negated any implied commitment undertaken by Mrs. O'Quin to grant Kinder additional repair time or to delay her pending action. Legally, she was entitled to pursue the claim without providing any further notice to Kinder.

DECREE
Accordingly, the judgment of the regular City Court annulling the small claims judgment is reversed; the petition to annul judgment filed by Kinder is dismissed with prejudice; and the small claims judgment in favor of Mrs. O'Quin is hereby reinstated. All costs of this appeal and the proceedings below, in Small Claims and regular City Court, are assessed against Kinder.
REVERSED AND RENDERED.