ON MOTION TO DISMISS

|! JONES, Judge.
Defendants/appellants, Southern Siding, Inc. (Southern Siding), and its registered owner, Tanweer Bhatti, appeal a judgment arising out of small claims court, which denied its request to nullify a final judgment. After the defendants filed the instant appeal, the plaintiff, Anthony Richardson, filed a Motion to Dismiss the Appeal. Following a review of the record, we grant the plaintiffs request to dismiss the appeal.

FACTS

Mr. Richardson filed a complaint against Southern Siding and Mr. Bhatti, alleging that Southern Siding consistently invaded his privacy through its telemarketing campaign. He alleged that he would receive various telephone calls from Southern Siding representatives about their products and services even though he made numerous requests for Southern Siding to place him on their “do not call” list. After Southern Siding was served with the complaint, a representative contacted Mr. Richardson to discuss and possibly resolve the matter. LWhen its preliminary attempts at a resolution proved unsuccessful, Southern Siding retained counsel to represent them.
However, on March 29, 1999, Mr. Richardson appeared before the small claims court and obtained a default judgment against Southern Siding and Mr. Bhatti, which was signed the next day (i.e. March 30, 1999). When defense counsel learned of the default judgment, he filed a motion on April 20, 1999, which was styled “Mo *144 tion and Order to Nullify Judgment.” The small claims court heard oral arguments on June 1, 1999, but denied the motion. It is from this judgment that the defendants filed the instant appeal.

DISCUSSION

Defendants argue that the small claims court erred in denying its .motion to nullify judgment because the parties were pursuing preliminary negotiations to resolve Mr. Richardson’s complaint without litigation. He also argues that he learned of the signing of the default judgment while in the final stages of a resolution with Mr. Richardson. Therefore, the defendants argue that it was a miscarriage of justice for the small claims court to allow the plaintiff the right to take a default judgment against Southern Siding even though settlement negotiations were still pending.
In rebuttal, Mr. Richardson argues that Southern Siding should have either filed its answer to the complaint or transferred the matter to the regular civil docket if it wanted to obtain additional time to negotiate a settlement of the claim. Because Southern Siding chose not to pursue either course of action, Mr. Richardson argues that the appeal should be dismissed as untimely. He also argues 13that the appeal should be dismissed because the defendants submitted a defective and untimely request to nullify the judgment. We agree.
LSA-R.S. 13:5209 states in pertinent part:
B. A defendant shall be deemed to have waived his right to appeal, unless, within the time allowed for filing an answer to the complaint, he files a written motion seeking removal of the action to the ordi-narg civil docket of the court in which the complaint is filed, which motion shall be granted forthwith. (Emphasis added).
In the instant case, neither party disputes the fact that an answer to the complaint had not been filed. It was also undisputed that the defendants had not requested that the case be transferred to the regular civil docket for small claims court. Further, there is no dispute that the defendant did not request a new trial within three days of the rendition of the final judgment.[1] Therefore, the only controversy before this Court is whether the alleged settlement negotiations between the parties should have constituted a suspension of the plaintiffs right to seek a default judgment against Southern Siding.
In O’Quin v. Kinder Paint Co., Inc., 616 So.2d 879 (La.App. 3 Cir.1993), the plaintiff filed suit against the defendant/paint company for the cost of removing and replacing floor tiles that were installed. After receiving the notice from the small claims court, the defendant contacted the plaintiff and requested that the plaintiff have the first trial date continued so that the defendant could inspect and attempt to repair the flooring. The plaintiff accepted the defendant’s request, and continued the first trial date.
|4When the defendant failed to repair the flooring, the case proceeded to trial, and a judgment was rendered in the plaintiffs favor. Ten weeks after a judgment was entered in favor of the plaintiff, the defendant filed a request in City Court to have the case transferred to city court’s regular civil docket. (Emphasis ours). City Court issued an ex parte order granting the transfer. The same day the defendant filed a Petition to Annul the Judgment, arguing that the judgment should be annulled because the parties were engaged in settlement negotiations when the judgment was rendered. Notwithstanding the judgment in small claims court, the City Court annulled the judgment.
The Third Circuit reversed the City Court’s judgment to transfer the case to its regular civil docket. The City Court’s *145 decision to annul the judgment was also reversed. The appellate court held that the request to transfer the case was untimely — coming ten weeks after the judgment in favor of the plaintiff was rendered. The appellate court also held that the City Court lacked subject matter jurisdiction to annul a judgment arising out of small claims court.
Likewise, in the instant case, Southern Siding’s request to annul the judgment was untimely. First of all, an action to nullify a judgment must be addressed by a direct action, not by motion or summary process. See State v. Williams, 97-1816 (La.App. 4 Cir. 8/11/98), 709 So.2d 326, 329. (Emphasis added). Secondly, in small claims court, any action that is properly plead to defeat the judgment, namely a motion for a new trial, must be brought within three (3) days of the rendition of the judgment otherwise the judgment will become final. See LSA-R.S. 13:5208 B. Here, the defendants filed their “defective” request to annul the judgment more than ten (10) days after the judgment was rendered. Though Southern Siding did not wait ten weeks to oppose the judgment, as did the |Bdefendant in O’Quin, the pleading was nonetheless untimely. Therefore, despite the defendants’ failure to comply with the time delays, the defendant’s right to an appeal had been waived since this case was not properly transferred to the regular civil docket for small claims court.

DECREE

For the foregoing reasons, we grant Anthony Richardson’s motion to dismiss the appeal.

APPEAL DISMISSED.

. See LSA-R.S. 13:5208 B.