971 So.2d 336 (2007)
Richard J. BRIEN
v.
TERRY SMITH/AMERICAN PLUMBING.
No. 2006 CA 1712.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
*337 James L. Maughan, Baton Rouge, Counsel for Plaintiff/Appellee, Richard J. Brien.
Richard D. Bankston, Baton Rouge, Counsel for Defendants/Appellants, Terry Smith and American Plumbing.
Before: WHIPPLE, GUIDRY and HUGHES, JJ.
WHIPPLE, J.
This is an appeal from a judgment of the Nineteenth Judicial District Court, which affirmed the judgment of the Small Claims Division of the Baton Rouge City Court, granting plaintiff's motion for summary judgment and dismissing defendant's petition to annul a previous default judgment rendered by the Baton Rouge City Court, Small Claims Division. For the following reasons, we vacate the August 2, 2006 judgment of the Nineteenth Judicial District Court, vacate the December 14, 2005 judgment of the Baton Rouge City Court, and remand.

FACTS AND PROCEDURAL HISTORY
On June 25, 2003, Richard J. Brien filed a "Statement of Claim and Citation" in the Small Claims Division of the Baton Rouge City Court, bearing docket number XXXX-XXXXX, against American Plumbing, a plumbing business owned by Terry Smith. In the claim, Brien contended that he and Smith had had a misunderstanding regarding charges for plumbing services and that they had agreed to compromise their dispute for a payment of $40.00 by Brien. According to Brien, in exchange for Brien's payment of $40.00, Smith agreed in writing to have the disputed collection removed from Brien's credit report. Brien further contended that despite his tender of a check for $40.00, Smith did not uphold his agreement in their compromise to have the collection removed from Brien's credit report. Thus, Brien alleged, his credit rating had been negatively affected, preventing him from obtaining the best possible rate on loans. Accordingly, Brien sought damages of $3,000.00.
On July 18, 2003, Brien obtained a default judgment against American Plumbing in the amount of $3,000.00, based on American Plumbing's alleged failure to file an answer. Thereafter, on February 3, 2004, Smith, doing business as American Plumbing (referred to herein as "American Plumbing"), filed a motion to vacate the default judgment, contending that he had filed an answer via the United States mail, return receipt requested, but that the answer had been lost in the mail. American *338 Plumbing's motion to vacate the default judgment was orally granted on April 21, 2004, but a judgment to that effect was not signed until October 21, 2004.
Meanwhile, on July 19, 2004, Smith, on behalf of American Plumbing, filed a motion to transfer the case from the Small Claims Division of City Court to the regular civil docket. Given the untimeliness of this motion, the motion was properly denied by the judge on August 2, 2004. However, an October 11, 2004 minute entry, apparently signed by an arbitrator of the Small Claims Division, was entered with the following language: "Please reset and send notice to attorneys on regular civil docket (Both atty agree)." Thus, apparently based on an agreement of the parties, the matter was transferred from the Small Claims Division to the regular civil docket of the city court.[1]
Thereafter, on January 25, 2005, the scheduled trial date, the city court judge, on a minute entry worksheet, wrote that she was vacating "all judgments back to [the] default judgment," apparently vacating the October 21, 2004 judgment that had vacated the original July 18, 2003 default judgment. The judge further ordered that the matter be set for hearing on February 23, 2005, to determine if the default judgment should be vacated, noting that American Plumbing would have to "show proof [that an] answer was filed before [the] default judgment [was] signed." While no written judgment to this effect was ever signed, the minute entry worksheet setting forth that all judgments "back to the default judgment" were vacated was signed by the city court judge. However, when American Plumbing failed to appear for the February 23, 2005 hearing, the city court rendered judgment denying his motion to vacate, stating that the July 18, 2003 default judgment would stand. A written judgment denying the motion to vacate the default judgment was signed on April 11, 2005.
Meanwhile, on February 9, 2005, American Plumbing, filed a Petition to Annul Default Judgment, contending that the July 18, 2003 default judgment should be annulled because: (1) the city court lacked subject matter jurisdiction over this federally based claim, (2) Brien had failed to establish a prima facie case in support of the judgment in his favor, (3) the judgment was obtained by fraud and ill practices because Brien made false statements in his petition and the evidence was misleading or false, and (4) confusion over who lost his answer and when it was filed should not preclude him from asserting his defenses on the merits.[2]
In response to the petition to annul the default judgment, Brien filed a motion for summary judgment and a peremptory exception raising the objection of prescription. In support of his motion for summary judgment, Brien argued that the Small Claims Division had jurisdiction at the time it rendered the default judgment and there was no evidence to support the *339 assertion that the judgment was obtained through fraud or ill practices.
In opposition to the motion, American Plumbing argued that an issue of fact existed as to whether Brien had ever paid the agreed-upon $40.00 in compromise of their dispute, because American Plumbing had not negotiated that check. It further asserted that there was an issue of fact as to whether Brien had actually suffered any damages as a result of the disputed bill being listed on his credit report and that if, in fact, Brien had lied to the court about being damaged, these misrepresentations would constitute ill practice. American Plumbing further argued that it had timely filed an answer, which had apparently been lost by the United States Postal Service. American Plumbing then filed a cross motion for summary judgment, contending that it was entitled to judgment in its favor vacating the default judgment, because the federal court had exclusive jurisdiction over this matter pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.
Following a hearing on the motions and exception, the city court, by judgment dated December 14, 2005, denied the exception of prescription, but granted Brien's motion for summary judgment, dismissing with prejudice American Plumbing's petition to annul the default judgment. From the December 14, 2005 city court judgment dismissing its petition to annul the default judgment, American Plumbing appealed to the Nineteenth Judicial District Court. By judgment dated August 2, 2006, the district court, after review of the city court record, affirmed the December 14, 2005 city court judgment.
American Plumbing now appeals from the August 2, 2006 judgment of the district court, setting forth six assignments of error.

DISCUSSION
Through the Small Claims Procedures Act, LSA-R.S. 13:5200, et seq., each city court is authorized to establish by court rule a small claims division. LSA-R.S. 13:5201(A). A plaintiff may choose to file his suit in the small claims division rather than the regular civil docket of the city court if the claim is within the jurisdictional amounts of the small claims division.[3] LSA-R.S. 13:5201(C). The small claims division is not a court of record, and the judges and clerks of the respective city courts serve as the judges and clerks of the small claims divisions. LSA-R.S. 13:5202. One of the stated purposes of the Small Claims Procedures Act is to "provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner." LSA-R.S. 13:5200. Thus, the statutory scheme provides for short and strict time delays.
Specifically, a defendant must answer the claim filed in the small claims division within ten days of service of citation. LSA-R.S. 13:5203 & LSA-C.C.P. art. 4903. If the defendant fails to answer timely, and the plaintiff proves his case, by producing relevant and competent evidence which establishes a prima facie case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary. LSA-R.S. 13:5203 & LSA-C.C.P. art. 4904.
A judgment in a small claims division becomes final and executory three days after it is signed or notice of judgment, if necessary, is mailed, unless within that period, a motion for new trial is filed. *340 LSA-R.S. 13:5208(B). Notably, there is no appeal from a judgment rendered by a small claims division of city court, and a plaintiff who files a complaint in a small claims division shall be deemed to have waived his right to appeal unless the matter is removed or transferred from the small claims division docket. LSA-R.S. 13:5209(A). Additionally, a defendant shall be deemed to have waived his right to appeal unless, within ten days of service of citation, he files a written motion seeking "removal" of the action (i.e., transfer) to the ordinary civil docket of the court in which the complaint is filed.[4] LSA-R.S. 13:5209(B), LSA-R.S. 13:5203(A), and LSA-C.C.P. art. 4903.
In the instant case, while a question may have existed as to when or if American Plumbing filed an answer, it is undisputed that it did not file a motion to transfer this matter from the Small Claims Division to the regular civil docket of the Baton Rouge City Court until July 19, 2004, more than one year after service of citation was perfected and one year after the default judgment was obtained. Thus, given the clear mandates set forth for small claims actions, in the absence of a timely request for transfer to the ordinary civil docket, the Small Claims Division was prohibited by law from entertaining or granting such a request, notwithstanding any seeming consent of the parties. See LSA-R.S. 13:5209(B); O'Quin v. Kinder Paint Company, Inc., 616 So.2d 879, 881 (La.App. 3rd Cir.1993). Specifically, the transfer procedure set forth in the statutory scheme envisions more than a transfer for the convenience of the parties; the timeliness of the request for a transfer from the Small Claims Division to the regular civil docket governs whether rights to further review are gained or lost.
More importantly, we further conclude that the city court lacked jurisdiction under its regular civil docket to consider the petition to annul the default judgment filed by American Plumbing on February 9, 2005. An action to annul a judgment must be instituted in the court that issued the judgment. O'Quin, 616 So.2d at 881. The default judgment forming the subject of American Plumbing's petition to annul was rendered by the Small Claims Division of the Baton Rouge City Court. Thus, American Plumbing was required to file its petition to annul in the Small Claims Division, and the city court lacked subject matter jurisdiction under its regular civil docket to consider American Plumbing's petition to annul.[5] Hence, the judgment granting Brien's motion for summary *341 judgment and dismissing American Plumbing's petition to annul is an absolute nullity as a matter of law.[6]O'Quin, 616 So.2d at 881.
Accordingly, we must vacate the December 14, 2005 judgment, which granted Brien's motion for summary judgment and dismissed American Plumbing's petition to annul the default judgment. We further order that the petition to annul be transferred to the Small Claims Division of the Baton Rouge City Court for further proceedings.[7] Because of our holding herein, we pretermit consideration of American Plumbing's other assignments of error.

CONCLUSION
For the above and foregoing reasons, the August 2, 2006 judgment of the Nineteenth Judicial District Court, which reviewed and affirmed the December 14, 2005 judgment of the Baton Rouge City Court, is vacated. The December 14, 2005 judgment of the city court, which granted Richard Brien's motion for summary judgment and dismissed American Plumbing's petition to annul the July 18, 2003 judgment of the Small Claims Division, is likewise vacated. The matter is remanded to the Baton Rouge City Court, with instructions to transfer American Plumbing's petition to annul to the Small Claims Division of the court and for further proceedings consistent with the views expressed herein. Costs are assessed one-half each to the parties.
VACATED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] We note that the judgment of default and the subsequent judgment of December 14, 2005, before us on appeal both contain the caption "Baton Rouge City Court" and bear the same docket number. There is nothing in these judgments to allow this court to determine that one was rendered by the Small Claims Division and the other by the city court on its regular civil docket. Thus, we rely on the above-referenced minute entry (and the fact that an appeal was granted to the Nineteenth Judicial District Court) as establishing, for purposes of our review, that the matter was in fact transferred from the Small Claims Division to the regular civil docket of the city court.
[2] Although the file stamp on the petition to annul is not legible, the February 9, 2005 minute entry indicates that the petition was filed that date.
[3] The small claims division has subject matter jurisdiction in cases where the amount in dispute does not exceed $3,000.00. The small claims division of the city court also has authority to grant equitable relief. LSA-R.S. 13:5202(A) & (B).
[4] If the defendant does file such a written motion within ten days of service of citation, the motion "shall be granted forthwith." LSA-R.S. 13:5209(B). Thus, the statute clearly grants a defendant the absolute right to transfer to the regular docket (and its attendant rights of review) provided the request is timely made.
[5] We recognize that the absolute nullity of a judgment may be asserted in a collateral proceeding at any time and before any court, without resort to an action in nullity. LSA-C.C.P. art. 2002(B). However, this court has held that where a party brings a direct action for the sole purpose of annulling an alleged absolutely null judgment, the direct action for nullity must be filed in the court where the original judgment was rendered. Knight v. Sears, Roebuck & Company, 566 So.2d 135, 137-138 (La.App. 1st Cir.), writ denied, 571 So.2d 628 (La.1990). Additionally, we note that while American Plumbing alleged in its petition to annul one ground of absolute nullity, i.e., that the rendering court lacked subject matter jurisdiction, albeit on a different basis (i.e., that federal law governed), it also alleged several additional grounds of purported fraud or ill practices. LSA-C.C.P. arts. 2002(A)(3) & 2004. An action for nullity based on those grounds could only be asserted in a direct action in the rendering court. O'Quin, 616 So.2d at 881.
[6] Although the parties herein have not raised the issue of the absolute nullity of the December 14, 2005 judgment of the city court, we are compelled to raise this issue insofar as it may affect this court's jurisdiction. See Whittenberg v. Whittenberg, 97-1424 (La.App. 1st Cir.4/8/98), 710 So.2d 1157, 1158. Moreover, we are empowered to "render any judgment which is just, legal, and proper upon the record on appeal." LSA-C.C.P. art. 2164; see generally Francis v. Lafon Nursing Home of Holy Family, XXXX-XXXX (La.App. 4th Cir.3/19/03), 840 So.2d 1281, 1290, writ denied, XXXX-XXXX (La.9/19/03), 853 So.2d 643.
[7] In doing so, we note that even if we were to conclude that the parties could somehow confer jurisdiction by agreement to an untimely transfer from the Small Claims Division to the regular city court docket, the motion for summary judgment was nonetheless improvidently granted. Specifically, we note that the record before us contains a July 1, 2003 minute entry stating that an answer was filed that date on behalf of defendant, American Plumbing. Also, while the answer contained in the record does not contain a legible file stamp date, we further note that a reconventional demand apparently filed by American Plumbing contains a faint file stamp that appears to list the date filed as July 1, 2003, which, of course, would correspond with the July 1, 2003 minute entry.

Regarding nullity of a judgment for fraud or ill practices pursuant to LSA-C.C.P. art. 2004, this article is not limited to cases of actual fraud or ill practices, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. Belle Pass Terminal, Inc. v. Jolin, Inc., XXXX-XXXX (La.10/16/01), 800 So.2d 762, 766. If, in fact, American Plumbing did timely file its answer on July 1, 2003, and the July 18, 2003 default judgment was then rendered on the basis that American Plumbing had not filed an answer, the judgment could be subject to annulment on the basis of fraud or ill practices, as having been rendered through an improper procedure. Certainly, the above-referenced July 1, 2003 minute entry and file-stamped reconventional demand of record raise a genuine issue of material fact that should have defeated the grant of summary judgment to Brien herein. This issue would clearly have to be resolved by the Small Claims Division on remand.