NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0479

ELLEN F. EARHART

VERSUS

GREAT AMERICAN INSURANCE COMPANY AND SENTRY INSURANCE
COMPANY

Judgment Rendered: **DEC 2 3 2025**

* * * * *

On Appeal from the
Office of Workers' Compensation, District 5
Parish of East Baton Rouge
State of Louisiana
No. 22-04723

The Honorable Denise J. Lee, Workers' Compensation Judge Presiding

* * * * *

J. David Smith
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Ellen F. Earhart


George Ernest, III
Matthew D. Fontenot
Lafayette, Louisiana

Attorneys for Defendants/Appellees
Great American Insurance Company
and Sentry Casualty Insurance
Company

* * * * *

**BEFORE: McCLENDON, C.J., GREENE, AND STROMBERG, JJ.**

McClendon, C.J. dissents for reasons assigned.

**STROMBERG, J.**

In this workers' compensation case, plaintiff, Ellen F. Earhart, appeals a summary judgment rendered against her, and in favor of defendants, Great American Insurance Company (Great American) and its insurer, Sentry Insurance Company (Sentry), dismissing her cross-motion for summary judgment with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was a remote worker employed with Great American. In anticipation of Hurricane Ida, she evacuated from her remote office/home in Metairie, Louisiana to Houston, Texas. Plaintiff utilized leave under Great American's "Strategic Comp Hurricane Preparedness Plan" (HPP). The HPP granted employees the following leave: two days "to focus solely on the safety and well-being of [their] family and property"; up to two days "to transition" to "be on-line and fully operational"; and "one day without penalty to get back home and resume your normal work schedule in your home office." The HPP further provided: "Any delays past the time allowed will result in tapping your available PTO [paid time off] or leave without pay if no accrued PTO is available. The same rules apply should you elect not to evacuate and are unable to get back on-line within the ... two[-]day time allotment." On September 9, 2021, plaintiff was involved in a motor vehicle collision while traveling from Houston to Metairie.

On August 23, 2022, plaintiff filed a Disputed Claim for Compensation, naming Great American and Sentry, Great American's insurer, as defendants. Plaintiff's claim alleged that, on September 9, 2021, she was involved in a multi-vehicle car crash, while operating her vehicle in the course and scope of her employment. Great American and Sentry (defendants) answered plaintiff's Disputed Claim for Compensation with a general denial.

2

On June 22, 2023, defendants filed a motion for summary judgment asserting that there was no genuine issue of material fact that the alleged accident did not constitute an accident arising out of and in the course and scope of plaintiff's employment.[1] Therefore, defendants argued that plaintiff was not entitled to benefits under the Louisiana Workers' Compensation Act, La. R.S. 23:1020.1, *et seq.*, which provides the exclusive remedy for an employee who is injured during the course and scope of her employment. Defendants prayed that "summary judgment be granted in their favor, dismissing the claims of [plaintiff] with prejudice[.]"

Defendants filed a memorandum in support of their motion for summary judgment, attaching several exhibits, which included plaintiff's Disputed Claim for Compensation, defendants' answer, and plaintiff's deposition. On March 27, 2024, defendants filed a supplemental memorandum, attaching the deposition of Catherine Senac, a corporate representative for Great American.[2] Attached to Senac's deposition was the HPP. Senac confirmed that the HPP was in effect at the time of plaintiff's accident. Senac testified that "the decision whether or not to evacuate [was] really with the employee and their family." Senac's testimony confirmed that the employees of Great American who chose not to evacuate received the same benefits as the employees who chose to evacuate, including paid days during which to get their workspace running. Senac testified that, pursuant to the HPP, an employee could be paid for days they were not performing work for Great American, similar to paid holidays.

---

[1] Although the file stamp on defendants' motion for summary judgment is not legible, the minute entry indicates the file date was June 22, 2023. See Brien v. Smith/American Plumbing, 2006-1712 (La. App. 1 Cir. 9/14/07), 971 So.2d 336, 338 n.2.

[2] Although the file stamp on defendants' supplemental memorandum is not legible, the minute entry indicates the file date was March 27, 2024. See Brien, 971 So.2d at 338 n.2.

Plaintiff opposed defendants' motion for summary judgment arguing that she was injured while traveling back to her home office from a remote worksite that was set up pursuant to the HPP. Plaintiff argued that she was "on the clock at the time of the accident and was under the time pressure imposed upon her by [Great American] to return from the remote worksite[.]" Plaintiff further argued that she should be covered under the Louisiana Workers' Compensation Act because her trip to Houston was made for the benefit of Great American to ensure minimal interruptions for their customers.

On January 26, 2024,[3] plaintiff filed a cross motion for summary judgment, arguing that she was injured by an accident during the course and scope of her employment and said accident arose from her employment such that her injuries and the resulting disability were compensable under the Louisiana Workers' Compensation Act.[4]

Defendants opposed plaintiff's cross motion for summary judgment, asserting that she was not in the course and scope of her employment and her accident did not arise out of her employment; thus, she was not entitled to workers' compensation benefits. Defendants argued that plaintiff was not engaged in work activities or on work premises when the accident occurred; moreover, she was not on a specific mission for Great American. Defendants further argued that plaintiff worked remotely, and her job did not call upon her to travel between work sites—her work site was wherever she could access her work. Furthermore, the accident did not arise out of her employment. The risk of an automobile accident, while traveling, was not

---

[3] Although the file stamp on plaintiff's motion for summary judgment is not legible, the minute entry indicates the file date was January 26, 2024. See Brien, 971 So.2d at 338 n.2.

[4] In support of her motion for summary judgment, plaintiff filed into evidence her Disputed Claim for Compensation and her deposition, defendants' answer, Senac's deposition, and the HPP.

distinct to this employee; rather, any person who had evacuated the area due to Hurricane Ida and returned found themselves in a similar traveling situation.

Plaintiff filed a reply memorandum, arguing, in part, that she should be afforded the protections of the Louisiana Workers' Compensation Act from "portal to portal" as the trip was made for the benefit of Great American under time constraints imposed by Great American to ensure its own operation integrity during Hurricane Ida.

On April 26, 2024, the workers' compensation judge heard both motions for summary judgment.[5] That same day, the parties entered a stipulation that the exhibits filed on behalf of plaintiff in support of her motion for summary judgment and the exhibits filed by defendants in support of their motion for summary judgment, including those filed with their supplemental memorandum, were "admissible as part of the record ... and [were] in support and opposition to both motions filed by the parties[.]"[6] After hearing arguments, the workers' compensation judge took the matter under advisement. On May 8, 2024, the workers' compensation judge granted defendants' motion for summary judgment and signed an order, which stated:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
> that ... [d]efendant[s'] [m]otion for [s]ummary [j]udgment is hereby granted, as there exists no genuine issue of material fact that ... [plaintiff] was not in the course and scope of employment on September 9, 2021. The Court rules for ... [d]efendant[s] and against ... [plaintiff],

---

[5] We note the transcript of the hearing is not in the record before us.

[6] We note that the workers' compensation judge did not have the discretion to consider defendants' late-filed supplemental memorandum and evidence in support of their motion for summary judgment because those documents were not timely filed within the mandatory time limitations set forth in La. C.C.P. art. 966(B)(1), which provides that "[u]nless extended by the court and agreed to by all of the parties . . . "[a] motion for summary judgment and all documents in support of the motion shall be filed ... not less than sixty-five days prior to the trial." Guidry v. Southern Regional Medical Center, 2024-0760 (La. App. 1 Cir. 12/30/24), 403 So.3d 1241, 1251. However, the record reveals that the parties stipulated that the exhibits filed with the supplemental memorandum were admissible as part of the record. Therefore, plaintiff waived her right to object to defendants' late-filed supplemental memorandum and evidence by later stipulating to the admissibility of evidence filed with the late-filed memorandum. See La. C.C.P. art. 966(B)(5).

5

granting ... [d]efendant[s'] [m]otion for [s]ummary [j]udgment and ... [plaintiff's] [m]otion for [s]ummary [j]udgment is denied.

In written reasons for judgment, the workers' compensation judge found, in pertinent part:

> [Plaintiff] made a decision to evacuate due to Hurricane Ida. She stated in her deposition, she would have evacuated no matter what for the comfort and safety of her family and understood evacuation was not mandatory. She also wanted to continue to work so she brought her company issued equipment to work. [Great American] did not provide reimbursement for travel or mileage. [Great American] did provide assistance for employees who needed help with travel arrangements, but would not pay for the hotels or transportation associated with evacuation. [Plaintiff] further testified, she completed work prior to returning home and did not do any work while traveling home. Use of HPP leave [was] a benefit and the use of that benefit [did] not automatically place an employee in the course and scope of employment.
>
> The aforementioned facts alone demonstrate there [was] no genuine issue of material fact resulting in the Court's granting of ... [d]efendant[s'] motion, finding ... [plaintiff] was not in the course and scope of employment on September 9, 2021[,] when she was involved in an automobile accident. The Court denies ... [plaintiff's] motion in favor of ... [d]efendant[s].

On May 9, 2024, the workers' compensation judge mailed a "NOTICE OF SIGNING OF INTERLOCUTORY JUDGMENT," advising of its signing of an "interlocutory judgment in the above referenced matter[.]" On May 20, 2024, plaintiff timely filed a notice of intent to seek supervisory review, asserting that the workers' compensation judge erred in denying her cross motion for summary judgment. Plaintiff subsequently appealed the May 8, 2024 order. On August 23, 2024, this court denied plaintiff's supervisory writ application stating that "[o]nce a judgment with appropriate decretal language [was] issued by the Office of Workers' Compensation, it [would] represent a final, appealable judgment, and ... plaintiff ... [would] be entitled to file a motion for an appeal[.]" Earhart v. Great American Insurance Company, Sentry Casualty Insurance Company, 2024-0601 (La. App. 1

6

Cir. 8/23/24), 2024 WL 3914332. On August 26, 2024, the workers' compensation judge signed an "AMENDED ORDER"[7] stating, in pertinent part:[8]

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
> that there be a ruling in favor of ... [defendants] and against [plaintiff] granting ... [d]efendant's Motion for Summary Judgment, as there exists no genuine issue of material fact. The matter is dismissed with prejudice.

Plaintiff subsequently appealed the August 26, 2024 "AMENDED ORDER."

## STANDARD OF REVIEW

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the district court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966(A)(3); Thibodeaux v. American Alternative Insurance Corporation, 2024-0383 (La. App. 1 Cir. 12/20/24), 2024 WL 5182404, *2 (unpublished).

The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2). The purpose of a motion for summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So.2d 764, 769 (*per curiam*). After an adequate opportunity for discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents

---

[7] We note that the "AMENDED ORDER" does not deny plaintiff's cross motion for summary judgment. However, the "AMENDED ORDER" language stating "[t]he matter is dismissed with prejudice" sufficiently sets forth the relief awarded and makes it a final judgment, for purposes of the appeal. See Chandler v. Cajun Ready Mix Concrete, 2019-1650 (La. App. 1 Cir. 7/7/21), 328 So.3d 1189, 1192-93 (finding the judgment plainly stated the specific relief that was granted, as it provided that the motion to quash was granted and that the matter was dismissed without prejudice).

[8] We note that the amended order contains a typographical error in stating "defendant" instead of "defendants." However, it is discernable from the record and the parties' briefs that the summary judgment was granted in favor of Great American and Sentry. Moreover, both defendants are identified in the caption and are also identified as the parties in whose favor relief is being awarded.

7

show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. La. C.C.P. art. 966(A)(4)(a).[9]

On a motion for summary judgment, the initial burden of proof rests with the mover. See La. C.C.P. art. 966(D)(1); Bayview Loan Servicing, LLC v. Holden, 2023-1347 (La. App. 1 Cir. 6/7/24), 391 So.3d 751, 756, writ denied, 2024-01032 (La. 11/14/24), 396 So.3d 62. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, after meeting their initial burden of showing that there are no genuine issues of material fact, the mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the

---

[9] Both motions for summary judgment in this case were heard after the effective date of the 2023 amendments to La. C.C.P. art. 966 by 2023 La. Acts No. 317, § 1 (eff. Aug. 1, 2023) and 2023 La. Acts No. 368, § 1 (eff. Aug. 1, 2023). Both motions for summary judgment were heard prior to the effective date of the 2025 amendments to La. C.C.P. art. 966. See La. Acts. 2025, No. 250, § 3, effective August 1, 2025. We apply the version of La. C.C.P. art. 966 in effect at the time of the hearing of the parties' motions for summary judgment to the matter before us. See Horrell v. Barrios, 2016-1547, 2016-1548 (La. App. 1 Cir. 3/15/18), 2018 WL 1373653, *10 n.8 (unpublished), writ denied, 2018-0931 (La. 9/28/18), 253 So.3d 144. (applying the version of La. C.C.P. art. 966 in effect at the time of the hearings on the motions for summary judgment.)

mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1); Bayview, 391 So.3d at 756-57.

## DISCUSSION

Plaintiff argues on appeal that the workers' compensation judge erred in granting defendants' motion for summary judgment and in denying her cross motion for summary judgment. We will first address defendants' motion for summary judgment. Defendants argue that there is no genuine issue of material fact that the plaintiff was not in the course and scope of her employment when the accident occurred.

For purposes of workers' compensation coverage, the requirement that an employee's injury occur "in the course of" employment focuses on the time and place relationship between the injury and the employment. Sharp v. United Fire & Indemnity Company, 2015-0976 (La. App. 1 Cir. 12/23/15), 185 So.3d 830, 833. The principal criteria for determining "course of employment" are time, place, and employment activity. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 349 (La. 1992). An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of her duties during work hours, either on the employer's premises or at other places where employment activities take the employee. McLin v. Industrial Specialty Contractors, Inc., 2002-1539 (La. 7/2/03), 851 So.2d 1135, 1140.

The submitted summary judgment evidence proves that at the time of the accident, plaintiff was employed by Great American, was not on Great American's premises, and was traveling home from Houston. Defendants argue that there is no genuine issue of material fact that plaintiff was not engaged in any employment activity at the time of her accident.

9

In support of their argument, defendants cite to McLin, which holds that injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of employment, generally known as the "going and coming" rule. McLin, 851 So.2d at 1140 n.1. Defendants admit that there are several exceptions to this rule, which include: (1) if the accident occurs on the employer's premises; (2) if the employee was deemed to be on any specific mission for the employer (the "special mission" rule), such as making a trip in the interest of the employer's business or pursuant to the employer's order; (3) if the employer had interested itself in the transportation of the employee as an incident to the employment agreement by either contractually providing transportation or reimbursing the employee for the travel expenses; (4) if the employee was doing work for the employer under the circumstances where the employer's consent could be fairly implied; (5) if the employee was hurt while traveling to and from one work site to another; (6) if the employee was injured in an area immediately adjacent to the place of employment and the area of injury contained a distinct travel risk to the employee; and (7) if the operation of a motor vehicle was itself the performance of one of the duties of the employee. McLin, 851 So.2d at 1141 n.1.

Defendants argue that the McLin exceptions to the "going and coming" rule do not apply to this case because: (1) the accident did not occur on Great American's premises; (2) plaintiff was not on a specific mission for Great American or pursuant to an order from Great American; (3) defendants did not involve itself in the transportation of plaintiff as an incident to the employment agreement by either contractually providing transportation or reimbursing plaintiff for the travel expenses; (4) plaintiff was not performing work at the time of the accident; (5) plaintiff's travel was not from one work site to another, but was from an evacuation place of her choosing back to her own home; (6) plaintiff was not injured in an area

10

immediately adjacent to the place of employment and the area of injury did not contain a distinct travel risk to plaintiff; and (7) the operation of a motor vehicle was not the performance of one of plaintiff's employment duties.

Defendants further argue that there is no genuine issue of material fact that plaintiff's accident did not arise out of her employment. The requirement that an employee's injury "arise out of" her employment relates to the character or origin of the injury suffered by the employee and whether the injury was incidental to the employment. Holden v. Mike's Catfish Inn, Inc., 2017-1056 (La. App. 1 Cir. 2/27/13), 243 So.3d 588, 591-92. Defendants argue that plaintiff was at the location where the subject accident took place because she had chosen to evacuate for Hurricane Ida and was subsequently returning home at a time of her choosing. Defendants argue that the details of plaintiff's evacuation, such as when, where, and by what route to evacuate, were left to her, as was the decision of whether to evacuate. The risk involved to plaintiff was no more than any other resident or traveler, and the mere fact plaintiff happened to work remotely does not transform every instance of travel into a work-related trip. Therefore, defendants argued that the accident did not arise out of plaintiff's employment.

A workers' compensation claimant has the burden of proving, by a preponderance of the evidence, that the disability suffered is related to an on-the-job injury. Starkey v. Livingston Parish Council, 2012-1787 (La. App. 1 Cir. 8/6/13), 122 So.3d 570, 574. Thus, defendants, as the movers, had to first point out an absence of support for plaintiff's claim that her injury occurred on the job, and then the burden of proof shifted to plaintiff to show there was a genuine issue of material fact as to whether her injury occurred on the job.

The summary judgment evidence establishes that plaintiff was a salaried employee of Great American as an insurance underwriter who worked remotely at

11

her home. Before Hurricane Ida in September 2021, plaintiff chose to evacuate to Houston and continue working while evacuated. Plaintiff was not reimbursed by Great American for any expenses or costs associated with her evacuation. Plaintiff was not directed by Great American on when to evacuate, where to evacuate, or even whether she should evacuate before Hurricane Ida. Senac, a corporate representative for Great American, testified that all employees received the same benefits regardless of whether they chose to evacuate or not in accordance with the HPP.

Defendants' evidence further establishes that on September 9, 2021, plaintiff worked remotely that morning in Houston and while on her return trip to Metairie, she was involved in the accident. Plaintiff unilaterally decided to undertake the trip to Houston to evacuate in her personal automobile, and that decision was not related to her continued work as an insurance underwriter for Great American. See Macaluso v. Travelers Cas. & Sur. Co., 2010-1478 (La. App. 1 Cir. 2/23/11), 59 So.3d 454, 462. The summary judgment evidence also reveals that plaintiff had no duty to perform a service or task en route to Houston. Plaintiff testified that on the date of the accident, when she was driving home, her phone records only show phone calls made after her accident. Thus, considering the nature of plaintiff's work as an insurance underwriter, her drive back home from Houston, can in no way be viewed as a function of her employment, but instead was simply conduct instituted for her personal decision to evacuate for Hurricane Ida. Therefore, there is no genuine issue of material fact that plaintiff's commute is outside the course and scope of her employment. See Richey v. Miller, 2017-0462 (La. App. 1 Cir. 3/29/18), 247 So.3d 964, 970.

Accordingly, we find that in this case, the injury-producing activity was plaintiff's travel, which resulted from her personal choice to evacuate in anticipation Hurricane Ida. And while the record shows that plaintiff performed work for Great

American on the date of the accident, the summary judgment evidence does not show that plaintiff performed any work that benefited Great American at the time of the accident or even after. Therefore, plaintiff's accident was outside the course and scope of her employment. We find that summary judgment was properly granted in favor of defendants dismissing plaintiff's claim with prejudice.

Thus, having reviewed the summary judgment evidence *de novo*, along with the applicable law and jurisprudence, we find the workers' compensation judge properly granted summary judgment to defendants, denied summary judgment to plaintiff, and dismissed her claims with prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the August 26, 2024 summary judgment of the workers' compensation judge granting summary judgment to Great American Insurance Company and Sentry Insurance Company and dismissing Ellen F. Earhart's claims against them. All costs of this appeal are assessed to plaintiff, Ellen F. Earhart.

**AFFIRMED.**

13

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0202

ELLEN F. EARHART

VERSUS

GREAT AMERICAN INSURANCE COMPANY AND
SENTRY INSURANCE COMPANY

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, C.J., dissenting.**

The Louisiana Supreme Court in **McLin v. Industrial Specialty Contractors, Inc.**, 2002-1539 (La. 7/2/03), 851 So.2d 1135, set forth both the general "going-and-coming rule" and exceptions to same. Under the general rule, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers' Compensation Act. **McLin**, 851 So.2d at 1140. This is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. The going-and-coming rule further recognizes that an employee's place of residence is a personal decision not directly controlled by the employer, and that treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination. **McLin**, 851 So.2d at 1140.

However, the jurisprudence does recognize exceptions to the going-and-coming rule: if the accident happened on the employer's premises; if the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order; if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; if the employee was doing work for his employer under the

circumstances where the employer's consent could be fairly implied; if the employee was hurt while traveling to and from one work site to another; if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (the "threshold doctrine"); and if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. **McLin**, 851 So.2d at 1141.

Here, Great American Insurance Company (Great American) had in place a "Strategic Comp Hurricane Preparedness Plan" (HPP). Of note, the HPP contained the following language:

> It is important to remember that when a disaster strikes, how a company responds, and how the public perceives that response, can have a significant and lasting impact on its business.
>
> In any event, our office in Cincinnati will serve as a communication, computer and management base.
>
> - *As always, your safety and that of your family is our first priority*[.]
>
> - *Our second priority is to implement the plan so we may continue to effectively serve our insureds*[.]
>
> - As you know, the majority of our customers are not located in hurricane zones, and their business needs continue whether or not we are operating out of our individual home offices.
>
>   . . .
>
> - Strategic Comp employees may evacuate as soon as it is deemed appropriate by your and your family.
>
> - You will have up to (2) two days to focus solely on the safety and well-being of your family and property.
>
>   - *If, during an event, employees use their personal cell phone to complete work tasks, they could submit a prorated portion of their bill for reimbursement*[.]
>
> - *All remote employees are requested to evacuate along with their home-office computer equipment*[.]
>
> - *Everyone is required to check-in with their manager directly as soon as possible after evacuating the area*[.]
>
> - *If you made the decision to remain in the storm's path and ultimately lose power, you are still expected to communicate your whereabouts and status with management. Voicemail service will continue to be operational*[.]

2

**WHEN EVACUATING**

Confirm your reservations/accommodations. . .

- *Notify your manager of any issues that must be addressed should you be out of your home office for a week or more*[.]

- *Enter your Outlook "out-of-office" message & change your voice mail message*[.]

- *Evacuate with laptop/home office computer equipment & cell phone, etc., & make sure you have* **everything** *necessary to recreate your working set-up at your evacuation destination*[.]

The HPP further allowed employees two days to transition in case of an evacuation, and allowed one day to return home and "resume your normal work schedule in your home office." During an evacuation, employees were directed to check-in with their manager "as soon as possible" and to periodically check the company's site for updates and status reports. The bottom of the second page of the HPP read, "Let's make this work for everyone."

Additionally, in her deposition, Great American's corporate representative, Catherine Senac, testified that the HPP was intended to further Great American's goal to "try to stay operational, within the abilities of our confines to do so." She confirmed that the HPP allowed employees two days to evacuate, get settled, and become operational, "without tapping into their PTO. And same with the return. They are given another day to get back home without using their PTO as well." Consequently, Ms. Earhart was paid for the two days spent evacuating to Houston, as well as the day she spent returning to Metairie.

The specific language of the HPP and Ms. Senac's testimony create a genuine issue of material fact as to whether Great American had a business interest in Ms. Earhart evacuating and taking with her "everything necessary to recreate" her home-office. Likewise, a factual issue exists as to whether Ms. Earhart's evacuation, at least in part, served the business interests of her employer. Consequently, I find that under the specific facts presented, there exist genuine issues of material fact which precludes summary judgment.

Accordingly, I respectfully dissent.

3